**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **THOMAS DRANNON POLINARD AND** § | |
| **HERBERT LAWRENCE POLINARD,** § | |
| **JR.,** § | |
| *Plaintiffs*, § | |
| § | |
| **v.** § | |
| § | |
| **THE BANK OF NEW YORK TRUST** § | |
| **COMPANY, N.A., FORMERLY** § | |
| **KNOWN AS THE BANK OF NEW** § | **CIVIL ACTION NO. _____** |
| **YORK TRUST COMPANY, N.A., AS** § | |
| **SUCCESSOR TO JP MORGAN CHASE** § | |
| **BANK, N.A., AS TRUSTEE FOR RAMP** § | |
| **2004RS4, ALTISOURCE ONLINE** § | |
| **AUCTION, INC., REALHOME** § | |
| **SERVICES & SOLUTIONS, INC. AND** § | |
| **DANA L. ROWELL** § | |
| *Defendants*. § | |

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2004-RS4[1] ("BONY" and/or "Defendant") removes this action from the 37th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

---

[1] Incorrectly named herein as The Bank of New York Trust Company, N.A., formerly known as The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS4.

## I.      STATE COURT ACTION

On January 21, 2021, Plaintiffs ("Plaintiffs") filed their Original Petition in the 37th Judicial District Court, Bexar County, Texas, styled: *Thomas Drannon Polinard and Herbert Lawrence Polinard, Jr. v. The Bank of New York Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS4, AltiSource Online Auction, Inc., Realhome Services & Solutions, Inc., and Dana L. Rowell,* Cause No. 2021-CI-01294 (the "State Court Action").

In the State Court Action, Plaintiffs assert a myriad of claims related to prior litigation involving the real property commonly known as 4031 Tropical, San Antonio, Texas 78218 (the "Property"). *See* Compl. p. 2-3 (Doc. B-1). Plaintiffs obtained a temporary restraining order preventing a foreclosure sale of the Property. *See* Order to Show Cause Why Temporary Injunction Should Not Issue With Temporary Restraining Order (Doc. B-2). Plaintiffs' allegations relate to BONY's alleged breach of a settlement agreement in cause no. 2014-CI-02205 and BONY's alleged violation of a court order related to cause no. 2009-CI-08934. However, Plaintiffs also allege multiple alternative causes of action against BONY, Altisource Online Auction, Inc. ("AOA"), REALhome Services & Solutions, Inc. ("RHSS"), and Dana L. Rowell ranging from conspiracy to negligence and seek to quiet title to the Property. Plaintiffs also seek injunctive relief, damages in excess of $1,000,000, emotional distress damages, interest, attorneys' fees, and punitive damages.

Upon information and belief, Defendant BONY has not been served, but has voluntarily answered and appeared.  *See* Original Answer (Ex. B-5).  Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

The docket sheet does not reflect that Defendants AOA and RHSS have been served. Nevertheless, AOA and RHSS have consented to this Removal. *See* Certificate of Conference.

Moreover, Defendants AOA and RHSS's consent is not necessary because they are wrongfully joined.

No consent is required from co-defendant Dana L. Rowell, who has been named in her capacity as Substitute Trustee (the "Substitute Trustee"), because she is a nominal party that has been improperly joined. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n. 5 (N.D. Tex. Apr. 9, 2008); *Rossy v. BAC Home Loans Servicing LP*, No. 4:10-cv-444, 2010 WL 5889889, at *2 (E.D. Tex. Nov. 10, 2010); *Torres v. Trans Health Mgmt., Inc.,* 509 F. Supp. 2d 628, 630 n.1 (W.D. Tex. 2006).

Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.     PROCEDURAL REQUIREMENTS

This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

The United States District Court for the Western District of Texas, San Antonio Division, has original jurisdiction over this action based on diversity jurisdiction because Defendants are now, and was at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**          Civil Cover Sheet and Supplemental Cover Sheet

| **Exhibit B** | State Court Docket Sheet |
|---|---|
| **Exhibit B-1** | Petition |
| **Exhibit B-2** | Order to Show Cause Why Temporary Injunction Should Not Issue With Temporary Restraining Order |
| **Exhibit B-3** | Request for Process |
| **Exhibit B-4** | Request for Process |
| **Exhibit B-5** | Defendant's Original Answer |
| **Exhibit C** | Bexar County Appraisal District Records for the Property |

In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 37th Judicial District Court, Bexar County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    DIVERSITY JURISDICTION

Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendants,  and the citizenship of the Substitute Trustee, AOA, and RHSS can be disregarded on the grounds of improper joinder.  Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.    THE SUBSTITUTE TRUSTEE WAS IMPROPERLY JOINED AND HER CITIZENSHIP SHOULD THEREFORE BE DISREGARDED**

Plaintiffs are suing Dana L. Rowell in her capacity as Substitute Trustee. *See* Compl. p. 6 (Doc. B-1). Although the Substitute Trustee is believed to be a citizen of Texas, her citizenship should be disregarded for diversity purposes because Plaintiffs improperly joined the Substitute

Trustee to this lawsuit.[2]  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).   A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law.  *Larroquette*, 466 F.3d at 376.  This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.*  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant.  *See id.* at 699.   "A mere formulaic recitation of the elements of a cause of action asserted against a non-diverse defendant is not sufficient under this standard."  *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *4 (S.D. Tex. Dec. 20, 2013).

"[C]ourts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction."  *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014); *see also Eisenberg v. Deutsche Bank*

---

[2] AOA and RHSS were also improperly joined. Plaintiffs main claims in this lawsuit relate to BONY's alleged breach of a settlement agreement in cause no. 2014-CI-02205 and BONY's alleged violation of a court order related to cause no. 2009-CI-08934. Plaintiffs' claims against AOA and RHSS are solely for alternative causes of action that include conspiracy and tortious interference. Plaintiffs' claims against AOA and RHSS fail under the Rule 12(b)(6)-type analysis because they fail to allege sufficient facts to state their claims for conspiracy and tortious interference.  *See Larroquette*, 466 F.3d at 376. Dismissal is appropriate "when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgm't LLC*, 657 F.3d 252, 254 (5th Cir. 2011). The only factual allegations that support Plaintiffs' alleged claims are that AOA and RHSS engaged to sell the Property. *See* Compl. p. 6-7 (Doc. B-1). This is insufficient to overcome the 12(b)(6) pleading standard and so AOA and RHSS should also be declared to be improperly joined.

*Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) ("Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure."); *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883, at *3 (N.D. Tex. Jun. 13, 2013) (trustee named solely in action to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction); TEX. PROP. CODE § 51.007 (providing procedure for dismissal of causes of action asserted against trustees solely in their capacity as trustees under a deed of trust, contract lien, or security instrument).

In addition, the Texas Property Code provides a safe harbor for substitute trustees acting in good faith.  *See* TEX. PROP. CODE § 51.007(f).  "Courts considering the good faith element of § 51.007(f) have generally held that '§ 51.007(f) imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee.'" *Williams v. Wells Fargo Bank*, 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (citing *Felder v. Countrywide Home Loans,* No. H–13–0282, 2013 WL 6805843, at *5 (S.D. Tex. Dec. 20, 2013); *Cantor v. Wachovia Mortg., FSB,* 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009)).   "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction." *Williams*, 2014 WL 1024003, at *5 (quoting *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP,* No. G–12–188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013 (aggregating cases)). *See also Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x. 274, 277 (5th Cir. 2014) (holding that the substitute trustee "was improperly joined because the Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors" and plaintiff did not allege bad faith so had no reasonable basis for recovery) (citing TEX. PROP. CODE § 51.007(f)).

Here, Plaintiffs do not plead any factual allegations in the Petition that would suggest bad faith on the part of the Substitute Trustee.  Rather, Plaintiffs sole mention of the Substitute Trustee in the Petition is her involvement in an alleged conspiracy to sell the Property. Compl. p. 6 (Doc. B-1). This assertion does not give rise to any plausible claim against the Substitute Trustee.  There are no factual allegations supporting the conclusion that the Substitute Trustee was not acting in good faith when she acted at the request of Defendants.  "Therefore, the Substitute Trustee[] cannot be liable for any error they may have made which contributed to the alleged . . . violation of Property Code, or wrongful foreclosure," *Williams*, 2014 WL 1024003, at *5, and Plaintiffs have no plausible basis to recover against her.  The mere fact that Plaintiffs seek injunctive relief, which would presumably enjoin the Substitute Trustee from acting, does not preclude a finding of improper joinder because injunctive relief is dependent on an underlying cause of action.  *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

Consequently, Plaintiffs do not raise the "theoretical possibility" that any cause of action could be maintained against the Substitute Trustee.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee).  Therefore, the Substitute Trustee has been improperly joined and her citizenship should be disregarded for removal purposes.  *Great Plains Trust Co. v. Morgan Stanley*

*Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

**B.      THE REMAINING PARTIES ARE COMPLETELY DIVERSE.**

Plaintiffs are natural persons, so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs are domiciled in Bexar County, Texas. *See* Compl. p. 2 (Doc. B-1). Therefore, Plaintiffs are  citizens of Texas for diversity purposes.

BONY has been sued in its capacity as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2004-RS4[3]. "[W]hen a Trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Tr. V. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 465-66 (1980)). BONY is a state-chartered banking association of the State of New York, with its principal place of business in New York, New York. For diversity purposes, a state-chartered banking association is a citizen of the state where it is incorporate or where its principal place of business is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004). Thus, BONY is a New York citizen for diversity purposes.

Altisource Online Auction, Inc. ("AOA") is a corporation. A corporation is considered a citizen of both its state of incorporation and its principle place of business. 28 U.S.C. § 1332(c)(1).

---

[3] Incorrectly named herein as The Bank of New York Trust Company, N.A., formerly known as The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS4.

AOA is incorporated in Delaware and has its principal place of business in Georgia, and therefore AOA is a citizen of Delaware and Georgia for diversity purposes.

REALhome Services & Solutions, Inc. ("RHSS") is a corporation. A corporation is considered a citizen of both its state of incorporation and its principle place of business. 28 U.S.C. § 1332(c)(1). RHSS is incorporated in Florida and has its principal place of business in Georgia, and therefore RHSS is a citizen of Delaware and Georgia for diversity purposes.

Because Plaintiffs and Defendants are citizens of different states, there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(c)(1).

**C.    AMOUNT IN CONTROVERSY**

Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).  Where, as here, "'the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"  *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v.*

*Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012); *see also Lindsey v. JPMorgan Chase Bank Nat. Ass'n*, No. 3:12-CV-4535, 2013 WL 2896897, at *16 (N.D. Tex. June 13, 2013) ("[W]here the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy.").

In addition, the Court may also consider actual damages, exemplary damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs seek to quiet title to the Property and as a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar*

*Mortg. LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. According to the Bexar County Appraisal District, the current market value of the Property is $118,000.[4]  In addition, Plaintiff seeks damages in excess of $1,000,000, exemplary damages, and attorneys' fees. *See* Compl. p. 21 (Doc. B-1). Thus, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## IV.    CONCLUSION

WHEREFORE, Defendant removes this action from the 37th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[4]Attached as Exhibit C is a true and correct copy of the Bexar County Appraisal District tax assessed market valuation of the Property. The tax assessed value is not meant to show the true fair market value, but rather to establish that the property value likely exceeds $75,000. Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of Exhibit C.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Jennifer McCammon*
**B. David L. Foster**
  State Bar No. 2403155
  dfoster@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Jennifer McCammon**
  State Bar No. 24101983
  Jennifer.mccammon@lockelord.com
LOCKE LORD LLP
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 4, 2021, I consulted with counsel for AOA and RHSS and they consented to the filing of this notice of removal.

/s/ *Jennifer McCammon*
Jennifer McCammon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel via ECF pursuant to the Federal Rules of Civil Procedure on February 4, 2021.

Hugo Xavier de los Santos
900 Vance Jackson Road
San Antonio, Texas 78201

/s/ *Jennifer McCammon*
Jennifer McCammon

**NOTICE OF REMOVAL**                                                      **PAGE 13**