IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS DRANNON POLINARD AND HERBERT LAWRENCE POLINARD, JR., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:21-cv-00112-FB-HJB |
| THE BANK OF NEW YORK TRUST COMPANY, N.A., FORMERLY KNOWN AS THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR RAMP 2004RS4, ALTISOURCE ONLINE AUCTION, INC., REALHOME SERVICES & SOLUTIONS, INC. AND DANA L. ROWELL | § § § § § § § § § § § | *Jury* |
| Defendants. | | |

**JOINT RULE 26(f) CONFERENCE REPORT**

Plaintiffs Thomas Drannon Polinard and Herbert Lawrence Polinard, Jr. ("Plaintiffs") and Defendants The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2004-RS4 ("BONY"), Altisource Online Auctions, Inc. ("AOA"), REALhome Services & Solutions, Inc. ("RHSS"), and Dana L. Rowell ("Rowell") file this Joint Rule 26(f) Conference Report.

    **1.**    **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the parties (including any members of a partnership or LLC) are diverse and that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.**

1

Plaintiffs contest jurisdiction and have filed a Response to Defendant's Notice of Removal and Plaintiffs' Motion to Remand for Lack of Jurisdiction (Doc. 9) (the "Motion to Remand"). Plaintiffs contend that: (1) complete diversity does not exist; and (2) Defendants did obtain Rowell's consent to removal. Plaintiffs also dispute that the amount in controversy is met. (Doc. 9).

Defendants argue that the Motion to Remand should be denied because: (1) Rowell timely consented to removal and (2) complete diversity exists because the citizenship of improperly joined parties, including Rowell, should be disregarded. (Doc. 12).

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?**

There are no unserved parties.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs' allegations relate to BONY's alleged breach of an alleged settlement agreement in cause no. 2014-CI-02205 and BONY's alleged violation of an alleged court order related to cause no. 2009-CI-08934. However, Plaintiffs also allege multiple alternative causes of action against BONY, AOA, RHSS, and Rowell including wrongful foreclosure, wrongful debt collection practices, defamation, negligence, negligent misrepresentation, negligence per se, gross negligence, fraud, fraudulent inducement, and conspiracy and seek to quiet title to the Property.

Defendants asserted a general denial. Additionally, Defendants argue that Plaintiffs' fail to state a claim upon which relief can be granted and that Plaintiffs' claims are barred because Plaintiffs have failed to allege and prove all conditions precedent to recovery and by doctrines of estoppel, res judicata, release and waiver, the applicable statute of limitations, the economic loss doctrine, Plaintiffs' lack of standing, the statute of frauds, the parol evidence rule, and Plaintiffs' prior material breach of contract, among other defenses.

Defendants AOA, RHSS, and Rowell also seek to dismiss Plaintiffs' claims against them because Plaintiffs fail to state a claim for relief for the alternative tortious interference and conspiracy claims. (Doc. 8).

**4.  Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties agree to the following facts:

1. On February 4, 2004, Herbert Lawrence Polinard, Jr. ("Borrower") executed an Adjustable Rate Note (the "Note") in the amount of $72,250.00 in favor of Southtrust Mortgage Corporation d/b/a Equibanc Mortgage.

2. Repayment of the Note is secured by a Deed of Trust executed by Herbert Lawrence Polinard, Jr. and securing the real property commonly known as 4031 Tropical, San Antonio, Texas 78218. The property is described as:

> Lot 13, Block 24, New City Block 12394, East Terrell Hills, Unit 8, in the City of San Antonio, Bexar County, Texas, according to plat thereof in Volume 4700, Page(s) 137, Deed and Plat Records Thereof in Volume 4700, Page(s) 137, Deed and Plat Records of Bexar County, Texas.

3. On June 2, 2009, Borrower filed cause no. 2009-CI-08934 in the 225th District Court of Bexar County, Texas styled *Herbert Lawrence Polinard v. The Bank of New York Trust Company, N.A.* (the "First Lawsuit").

4. On June 3, 2009 an *ex parte* temporary restraining order was entered in Cause No. 2009-CI-08934.

5. The First Lawsuit was dismissed on June 9, 2011.

6. On January 8, 2014, a Substitute Trustee's Deed was recorded related to an alleged foreclosure sale of the Property that occurred on December 1, 2009 (the "Substitute Trustee's Deed").

7. On February 13, 2014, Borrower's son filed a lawsuit against BONY under cause no. 2014-CI-02205 in the 45th District Court of Bexar County, Texas styled *Thomas Drannon Polinard v. The Bank of New York Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS4* (the "Second Lawsuit"). The Second Lawsuit was later removed to federal court.

8. The Second Lawsuit was dismissed on December 18, 2014.

9. On January 22, 2021, Plaintiffs filed the instant lawsuit and obtained an *ex parte* temporary restraining order purporting to prohibit Defendants from, among other things, selling the Property.

     5.     **What are the parties' views and proposals on all items identified in Rule 26(f)(3)?**

The parties state the following:

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties will make their initial disclosures within 30 days of the initial conference.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties may conduct discovery related to Defendant's alleged improper foreclosure sale, Plaintiffs' alleged default under the loan, the alleged settlement agreement(s), the real property records related to the property at issue, correspondence between the parties, and the foreclosure sale of the property. The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties agree to produce documentation electronically and will communicate regarding specific document production.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties do not currently anticipate any issues about claims of privilege.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The parties do not believe that any changes should be made in the limitations on discovery imposed under these rules or by local rule, or any other limitations.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

     6.     **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

The parties have not yet exchanged any discovery. The parties are attempting to informally resolve this lawsuit. In the event settlement cannot be reached, the parties intend to serve written discovery requests, including requests for admissions, interrogatories, and requests for production, and may depose the parties and/or their representatives.

**7.      What, if any, discovery disputes exist?**

Not applicable at this time.

**8.      Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not yet discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502.

**9.      Have the parties discussed mediation?**

The parties are currently conducting informal settlement, but are amenable to considering mediation in the future if it would further settlement.

Respectfully submitted,

**HUGO XAVIER DE LOS SANTOS**
**Attorney at Law**
900 Vance Jackson Road
San Antonio, Texas 78201
(210) 736-4227   Telephone
 (210) 737-1556   Facsimile
dlS.Law.Firm@aol.com

By: /s/ *Hugo Xavier de los Santos*
     Hugo Xavier de los Santos, Esq., C.P.A.
     State Bar No. 05653300

**COUNSEL FOR PLAINTIFFS**


By: /s/ *Jennifer Juergens*

**B. David L. Foster (Attorney-in-Charge)**
   State Bar No. 2403155
   dfoster@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
   State Bar No. 14607500
   rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Jennifer Juergens**
    State Bar No. 24101983
    Jennifer.juergens@lockelord.com
LOCKE LORD LLP
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served as indicated on this 9th day of April, 2021, to the following:

**VIA ECF**
Hugo Xavier de los Santos
900 Vance Jackson Road
San Antonio, Texas 78201
Telephone: (210) 736-4227
Fax: (210) 737-1556
Email: dlS.Law.Firm@aol.com

*Attorney for Plaintiffs*

                                            */s/ Jennifer Juergens*_____
                                            Jennifer Juergens